**Justin M. Thorp**, OSB #97415
jthorp@martinbischoff.com
MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone: (503) 224-3113
Facsimile: (503) 224-9471

**Lawrence H. Meuers**
lmeuers@meuerslawfirm.com
**Aaron J. Pruss**
apruss@meuerslawfirm.com
MAUTZ, BAUM & O'HANLON, LLP
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| SOUTH MILL MUSHROOM SALES, INC., d/b/a KAOLIN MUSHROOM FARMS, INC., a Pennsylvania corporation, <br><br> Plaintiff, <br><br> v. <br><br> RAKHRA MUSHROOM FARM CORP., d/b/a OREGON TRAIL MUSHROOM, an Oregon corporation; BALJIT SINGH NANDA, an individual; and KARMJIT SALH, an individual, <br><br> Defendants. | CV_____ <br><br> **COMPLAINT** <br> **Trust Enforcement Action** <br> **(7 U.S.C. § 499e)** |

For its complaint, Plaintiff respectfully states as follows:

/ / /

/ / /

Page 1 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

## THE PARTIES

1. Plaintiff, South Mill Mushroom Sales, Inc. d/b/a Kaolin Mushroom Farms, Inc. ("Kaolin"), is a Pennsylvania corporation with its principal place of business located at 649 West South Street, Kennett Square, Pennsylvania 19348.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

   a. Rakhra Mushroom Farm Corp. d/b/a Oregon Trail Mushroom ("Debtor" or "Oregon Trail"). Upon information and belief, Oregon Trail is an Oregon corporation with its principal place of business located at P.O. Box 400, 1000 Washington Street East, Vale, Oregon 97918.

   b. Baljit Singh Nanda ("Nanda"), is an individual. Upon information and belief, Nanda is the President of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor.

   c. Karmjit Salh ("Salh"), is an individual. Upon information and belief, Salh is the Vice-President of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor.

4. Oregon Trail, Nanda, and Salh will be collectively referred to as "Defendants." Nanda and Salh will be referred to as the "Principals."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(5) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(5),

Page 2 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## CLAIMS FOR RELIEF

### COUNT I

### DEFENDANT OREGON TRAIL

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

7. At all times relevant to this action, Oregon Trail was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-499t (the "PACA") and was licensed by the United States Department of Agriculture to do so.

8. From January 13, 2006 through February 20, 2006, Plaintiff sold to Oregon Trail in interstate commerce, and Oregon Trail purchased from Plaintiff, Produce in the total amount of $171,560.60.

9. Plaintiff delivered the Produce to Oregon Trail and Oregon Trail accepted the Produce from Plaintiff.

10. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Oregon Trail's receipt of the Produce, Oregon Trail became trustee of the PACA trust for the benefit of Plaintiff in the amount of $171,560.60. The PACA trust consists of all Oregon Trail's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"),

Page 3 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

11. Plaintiff gave written notices of intent to preserve trust benefits to Oregon Trail in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices, and by sending those invoices to Oregon Trail.

12. Oregon Trail has failed to make payment on the outstanding balance despite Plaintiff's repeated demands.

13. Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Oregon Trail's PACA Trust Assets.

14. Plaintiff seeks the entry of an Order declaring that Plaintiff is a PACA trust beneficiary of Oregon Trail with a valid PACA trust claim in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

### DEFENDANT OREGON TRAIL

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

*7 U.S.C. §499e(c)(5)*

15. Plaintiff re-alleges paragraphs 1 through 14 as if stated herein.

16. Oregon Trail is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

Page 4 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

17. Oregon Trail failed to pay Plaintiff for the shipments of Produce listed above at paragraph 8 from the PACA Trust Assets.

18. As a direct result of Oregon Trail's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

19. Plaintiff seeks the entry of an Order directing Oregon Trail to immediately turn over to the Plaintiff, as beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

### DEFENDANT OREGON TRAIL

#### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

*7 U.S.C. §499b(4)*

20. Plaintiff re-alleges paragraphs 1 through 19 as if stated herein.

21. Oregon Trail received each of the shipments of Produce identified in paragraph 8 above.

22. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

23. The PACA requires Oregon Trail, as PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

24. Oregon Trail has failed to maintain sufficient PACA Trust Assets to fully satisfy all qualified PACA trust claims, including Plaintiff's claims asserted herein.

Page 5 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

25. As a direct result of Oregon Trail's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages, which are covered under the PACA trust, in the amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

26. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Oregon Trail to maintain PACA Trust Assets equal to the sum of $171,560.60, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, directing Oregon Trail to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Oregon Trail from dissipating PACA Trust Assets.

## COUNT IV

## DEFENDANT OREGON TRAIL

## VIOLATION OF PACA: FAILURE TO PAY PROMPTLY

### 7 U.S.C. §499b(4)

27. Plaintiff re-alleges paragraphs 1 through 26 as if stated herein.

28. Oregon Trail received each of the shipments of Produce identified in paragraph 8 above.

29. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

30. Oregon Trail failed to pay these invoices within the payment terms.

Page 6 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

31. As a direct result of Oregon Trail's failure to pay for each invoice within the payment terms, the Plaintiff has incurred damages in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

32. Plaintiff seeks entry of an Order directing Oregon Trail to immediately pay Plaintiff the sum of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

### DEFENDANT OREGON TRAIL

### BREACH OF CONTRACT

33. Plaintiff re-alleges paragraphs 1 through 32 as if stated herein.

34. Plaintiff and Oregon Trail entered into a contract under which Plaintiff agreed to sell the Produce and Oregon Trail agreed to purchase the Produce, as described in paragraph 8 above.

35. Oregon Trail breached its contract with Plaintiff by failing to pay for each shipment of Produce.

36. As a direct result of Oregon Trail's breach of contract, the Plaintiff has incurred damages in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

37. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Oregon Trail in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

## COUNT VI

## THE PRINCIPALS – NANDA AND SALH

## **BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARY**

38. Plaintiff re-alleges paragraphs 1 through 37 as if stated herein.

39. Upon information and belief, at all times relevant to this action, the Principals were officers, directors, shareholders or employees of Oregon Trail.

40. As Principals of Oregon Trail, Nanda and Salh had a duty to ensure that Oregon Trail fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

41. The Principals had full knowledge and responsibility for the handling of Oregon Trail's duties as trustee of the PACA trust.

42. The Principals controlled or had a duty to control Oregon Trail's operations and financial dealings, including those involving the PACA Trust Assets.

43. Oregon Trail breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

44. The Principals breached their respective fiduciary duties to direct Oregon Trail to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce it supplied to Oregon Trail.

45. As a direct result of the Principals' respective breaches of fiduciary duty, the Plaintiff has incurred damages in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

Page 8 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

46. The Principals are personally liable to Plaintiff for their respective breaches of fiduciary duties in dissipating the PACA trust to the extent of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

47. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII

### THE PRINCIPALS – NANDA AND SALH

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

48. Plaintiff re-alleges paragraphs 1 through 47 as if stated herein.

49. Upon information and belief, Oregon Trail transferred PACA Trust Assets to the Principals.

50. These transfers were made in breach of the PACA trust.

51. The Principals continue to hold any and all PACA Trust Assets having come into their possession as trustee for Plaintiff's beneficial interest in the PACA Trust.

52. As a direct result of the Principals' receipt of PACA Trust Assets, the Plaintiff has incurred damages in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

53.     Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $171,560.60, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII

### THE PRINCIPALS – NANDA AND SALH

### FRAUDULENT TRANSFER

*ORS §95.310, et. seq. (2003)*

54.     Plaintiff re-alleges paragraphs 1 through 53 as if stated herein.

55.     Upon information and belief, Oregon Trail transferred its assets to the Principals and to other unknown third parties.

56.     These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries arose.

57.     These transfers were made to or for the benefit of insiders of Oregon Trail on antecedent debts.

58.     The transfers were made without consideration.

59.     Oregon Trail was insolvent at the time of these transfers.

60.     At the time of these transfers, the recipients had reasonable cause to believe that Oregon Trail was insolvent.

61.     These transfers were fraudulent transfers as proscribed by the Oregon's Uniform Fraudulent Transfer Act, ORS §95.310, *et. seq.* (2003).

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

62. Accordingly, Plaintiff seeks entry of an Order avoiding the transfers, as provided by ORS §95.260, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $171,560.60, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) As to Count I, declaring that Plaintiff is a PACA trust beneficiary of Oregon Trail with a valid PACA trust claim in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

B) As to Count II, directing Oregon Trail to immediately turn over to the Plaintiff, as beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

C) As to Count III, directing Oregon Trail to maintain PACA Trust Assets equal to the sum of $171,560.60, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Oregon Trail from dissipating PACA Trust Assets and directing Oregon Trail to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims.

D) As to Count IV, directing Oregon Trail to immediately pay Plaintiff the sum of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

E)  Enter Final Judgment in favor of Plaintiff and against Oregon Trail on Counts I through V, in the aggregate amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

F)  As to Count VI, entering judgment in favor of Plaintiff and against the Principals in the total amount of $171,560.60, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

G)  As to Count VII, requiring the Principals to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $171,560.60, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

H)  As to Count VIII, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $171,560.60, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

/ / /

/ / /

/ / /

/ / /

/ / /

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

I)  Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 6th day of March, 2006.

        MARTIN, BISCHOFF, TEMPLETON,
        LANGSLET & HOFFMAN LLP

By: _____
    Justin M. Thorp
    OSB No. 97415
    Telephone: (503) 224-3113
    Facsimile: (503) 224-9471
    jthorp@martinbischoff.com

    and

Lawrence H. Meuers
Florida Bar No. 0324879
Aaron J. Pruss (*pro hac vice* pending)
Florida Bar No. 0015656
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
apruss@meuerslawfirm.com

Attorneys for Plaintiff

Page 13 - COMPLAINT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113