**Justin M. Thorp**, OSB #97415
jthorp@martinbischoff.com
MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone: (503) 224-3113
Facsimile: (503) 224-9471

**Lawrence H. Meuers**
lmeuers@meuerslawfirm.com
**Aaron J. Pruss**
apruss@meuerslawfirm.com
MAUTZ, BAUM & O'HANLON, LLP
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

SOUTH MILL MUSHROOM SALES, INC.,
d/b/a KAOLIN MUSHROOM FARMS, INC.,
a Pennsylvania corporation,

      Plaintiff,

    v.

RAKHRA MUSHROOM FARM CORP.,
d/b/a OREGON TRAIL MUSHROOM, an
Oregon corporation; BALJIT SINGH NANDA,
an individual; and KARMJIT SALH, an
individual,

      Defendants.

CV_____

**TEMPORARY RESTRAINING ORDER**

    This matter is before the Court upon Plaintiff, South Mill Mushroom Sales, Inc. d/b/a

Kaolin Mushroom Farms, Inc.'s ("Kaolin" or "Plaintiff"), Ex-Parte Motion for Temporary

Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

*Copy sent to counsel by email.*

Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declaration of R. Mark Moran, Operations Manager for Kaolin, that Plaintiff is a produce dealer and trust creditor of Defendant, Rakhra Mushroom Farm Corp. d/b/a Oregon Trail Mushroom ("Oregon Trail"), under Section 5(c) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c) (the "PACA"), and has not been paid for produce in the total amount of $171,560.60 supplied to said Defendant as required by the PACA.  It is also clear from the same Declaration and the certification of counsel that said Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that the Defendant is not or may not be in a position to pay the creditors' claims (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiff.  On the basis of the pleadings, Declaration and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.  Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

If notice is given to Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is, by the United States District Court for the District of Oregon,

**ORDERED:**

1.    Defendant, Rakhra Mushroom Farm Corp. d/b/a Oregon Trail Mushroom, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, South Mill Mushroom Sales, Inc. d/b/a Kaolin Mushroom Farms, Inc. or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of Rakhra Mushroom Farm Corp. d/b/a Oregon Trail Mushroom's assets unless Rakhra Mushroom Farm Corp. d/b/a Oregon Trail Mushroom can

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, Rakhra Mushroom Farm Corp. d/b/a Oregon Trail Mushroom may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Rakhra Mushroom Farm Corp. d/b/a Oregon Trail Mushroom maintains the proceeds of such sale subject to this Order.

2.      This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.      Plaintiff shall not be required to post or give any security in view of the fact that Defendants now hold $171,560.60 of PACA trust assets which belong to Plaintiff and that this Order merely requires said Defendants to obey the requirements of the PACA.   This Temporary Restraining Order is entered this _6th_ day of _March_, 2006, at _3:35_ p.m.   A hearing on Plaintiff's motion for preliminary injunction is set for the _15th_ day of _March_, 2006 at _9:00_ a.m.   _before Judge Ancer L. Haggerty in Courtroom 13A_   Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.

**ORDERED** this _6th_ day of March, 2006 at Portland, Oregon.

United States District Judge
District of Oregon

Page 4 – TEMPORARY RESTRAINING ORDER

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113